UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIEGEL-ROBERT, INC. d/b/a SIEGEL-
ROBERT AUTOMOTIVE, a Nevada
Corporation,

    Plaintiff,

v.

MAYCO INTERNATIONAL, LLC, a
Michigan Limited Liability Corporation,

    Defendant.
_____/

Case No. 07-13191

Honorable Patrick J. Duggan

## ORDER DENYING SRA'S MOTION FOR PARTIAL JUDGMENT ON MAYCO'S COUNTERCLAIM

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 29, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

Siegel-Robert, Inc. ("SRA[1]") filed this lawsuit against Mayco International, LLC ("Mayco") seeking, among other requested relief, the return of certain tooling used to manufacture plastic automotive parts.[2] On August 21, 2007, Mayco filed its answer and

---

[1] Siegel-Robert, Inc. does business under the name Siegel-Robert Automotive.

[2] SRA's Complaint asserts the following counts: Count I (Claim and Delivery); Count II (Breach of Contract); Count III (Common Law Conversion); Count IV (Statutory Conversion); and Count V (Declaratory Relief). On August 16, 2007, this Court entered an Order granting SRA possession of the tooling, subject to SRA's delivery of a certified cashiers check in the amount of $13,949.06 to Mayco. (Doc. No. 10.)

counterclaim against SRA. In its counterclaim, Mayco asserts the following counts: Count I (Breach of Contract); Count II (Fraudulent Misrepresentation); Count III (Innocent Misrepresentation); Count IV (Promissory Estoppel); and Count V (Unjust Enrichment). Presently before this Court is SRA's "Motion for Partial Judgment on Mayco's Counterclaim," which was filed on September 13, 2007. Mayco filed a response to SRA's motion on October 4, 2007.[3] On October 24, 2007, the Court sent the parties a notice stating that the Court is dispensing with oral argument on SRA's motion. *See* E.D. Mich. LR 7.1(e)(2).

### I. Standard of Review

In its motion, SRA cites Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss pursuant to Rule 12(b)(6) will be granted if a pleading fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

### II. Applicable Law and Analysis

SRA argues that "Mayco admits that it has an express contract with SRA." (SRA's Br. at 5 (referring to Mayco's Answer ¶ 7).) Therefore, SRA contends that Counts II through V of Mayco's Counterclaim must be dismissed because these Counts assert quasi-contractual and tort claims, which cannot be maintained when an express contract exists. In its response, Mayco argues that Rule 8(e)(2) of the Federal Rules of Civil Procedure "allows a party to state as many separate claims as the party may have

---

[3]On September 14, 2007, this Court sent the parties a notice "reminding" them that "a reply brief supporting a dispositive motion must be filed within 7 days after service of the response." (Doc. No. 15.) SRA has not filed a reply brief and the time to file a reply has expired. E.D. Mich. LR 7.1(d)(1)(C).

2

regardless of consistency" and "allows a party to set forth two or more statements of a claim, alternatively or hypothetically, either in one count or in separate counts." (Mayco's Resp. Br. at 4.)

Rule 8(e)(2) provides:

> A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds. . . .

FED. R. CIV. P. 8(e)(2). Pursuant to Rule 8(e)(2), "[i]nconsistent pleadings are allowable, and the use of discovery to winnow or refine theories of liability should not be discouraged." *DePaepe v. GMC*, 141 F.3d 715, 719 (7th Cir. 1998).

The Court is not persuaded by SRA's argument that Mayco's alleged admission that an express contract governs the parties' dispute results in a dismissal of Mayco's quasi-contractual or tort claims. *See Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985)("In light of the liberal pleading policy embodied in Rule 8(e)(2), we hold that a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case . . . ."). While it is true that Mayco will not be able to recover damages on both its contract and quasi-contractual theories, *see, e.g., Morris Pump v. Centerline Piping, Inc.,* 273 Mich. App. 187, 194, 729 N.W. 2d 898, 903 (2006), Mayco has pleaded these alternative or inconsistent theories in accordance with Rule

3

8(e)(2). Similarly, even though Mayco's contract and tort claims may be inconsistent, *see, e.g., Forge v. Smith*, 458 Mich. 198, 212, 580 N.W. 2d 876, 884 (1998)(holding that a future promise, which is contractual, "cannot form the basis of a misrepresentation claim"), Mayco is permitted to plead both contract and tort claims under Rule 8(e)(2). Consequently, SRA is not entitled to dismissal of Counts II through IV of Mayco's Counterclaim.

Accordingly,

**IT IS ORDERED**, that SRA's Motion for Partial Judgment on Mayco's Counterclaim is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Linda McGrail Belau, Esq.
Thomas G. Costello, Esq.